IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAY SELLERS,

      Plaintiff,                    No. CIV S-06-2443 FCD KJM PS

      vs.

SANDRA COLDIRON,

      Defendant.                 ORDER

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed a second amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

1    A complaint, or portion thereof, should only be dismissed for failure to state a
2 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
3 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
4 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
5 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
6 complaint under this standard, the court must accept as true the allegations of the complaint in
7 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
8 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
9 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10    The court finds the allegations in plaintiff's second amended complaint so vague
11 and conclusory that it is unable to determine whether the current action is frivolous or fails to
12 state a claim for relief.  The court has determined that the second amended complaint does not
13 contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).
14 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice
15 and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency,
16 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of
17 particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because
18 plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2),
19 the second amended complaint must be dismissed.  The court will, however, grant leave to file a
20 third amended complaint.

21    Plaintiff has previously been advised of the standards for stating a claim under 42
22 U.S.C. § 1983.  Plaintiff is reminded that the statute requires that there be an actual connection
23 or link between the actions of the defendants and the deprivation alleged to have been suffered
24 by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode,
25 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right,
26 within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative

acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed once again that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 26, 2007.

_____
U.S. MAGISTRATE JUDGE

006
sellers2.lta